O’Neall J.
delivered the opinion of the Court.
The first question to be settled is, what was the proper form of the judgment against the defendants. There can be no doubt that an Executor de son tort is not entitled to the same advantages in Court which are allowed to a rightful executor. It is true that he is treated in the pleadings as executor, but yet his character is fixed upon him by an unlawful intermed-dling with the goods of the deceased. By pleading strictly plene administravit generally or greeter he may prevent himself from being charged beyond the assets in his hands.
If however, instead of admitting the character in which he is sued and putting in issue the amount of his liability, he thinks proper to plead, ne unques executor, and it is found against him, there is nothing on the record to prevent him from being charged with the whole amount of the debt. It is in respect of his tort, in unlawfully intermeddling with the goods of the deceased, that he is charged, and he cannot discharge himself of the consequences by claiming the privi-ledge of a rightful executor. This plea has denied his connection with the will, and he is regarded as if the devastavit had been established against him. In fact the very issue and proof establishes a devastavit, for he has been found to have unlawfully possessed himself of and disposed of the goods of the deceased. But without pursuing the general reasoning any farther, it is sufficient to say that the form of the judg *170 ment is conclusively settled by authority. The judg-naent is that the plaintiff do recover both the debt and costs in' the first place, de bonis testatoris si, &c. et si 336, de bonis propriis. Hancock v. Prowd, 1 Saun. 336, note 10. Lord Coke’s Entries, 145, 6. In this form of judgment the executor de son tort is regarded as an executor appointed by the testament, and who, notwithstanding this fact is in his own knowledge, pleads falsely ne unques executor ; the reason is the same, the fact of intermeddling is as much in the knowledge of the executor de son tort, as the fact of his appointment is in that of the rightful executor, and hence the judgment is the same. Were I reasoning without reference to precedents, I should say that the judgment against the executor de son tort might be at once de bonis propriis, without any notice being taken at all of the goods of the testator ; for it would be only necessary to reconcile such a judgment to principle to say that the fact which established an executor-ship, de son tort, established devastavit, as in fact it does, and the defendant’s liability would then be wholly personal. But to preserve the form of the action in the judgment it is necessary to consider the defendant as executor, and make him liable for the debt on account of his false plea. The case of Bull v. Wheeler, Cro. Eliz. 648, is a case in point. That was an action on a covenant of the testator on a lease, the breach assigned in the time of the executor for not repairing and issue found against him. The Court held that the executor was not liable personally, by his false plea to the merits, and in the case it is said; “by no act or false plea shall” he be chained de bonis propriis, but when he pleads the false plea of ne unques executor, which utterly ousts him from the benefit of the testament. The authority from Rolls Ab. 930. c. 2, 3, 5, 15, is full to the same point.
Having fixed on what should be the form of the judgment, it remains to inquire whether the judgment and execution ought to have been amended so far as to correspond with the finding of the Jury on the issue both in fact and law. The question, whether amend- *171 inents are to be allowed, is in some cases within the discretion of the Court, and when moved in the progress of a cause, if the allowance of the motion would work either surprize or delay, the judge may, in his discretion, refuse it. But the discretion of the judge in relation to amendments is not a mere capricious exercise of power and will, it is a legal discretion, and ought to be governed by, and exercised according to, the rules of law. As long as the plaintiff has any thing by which he can amend his subsequent proceedings, he has the right to do so, as for instance he can amend his declaration by the writ, the replication by the declaration, the judgment by the verdict and issue, and the execution by the judgment. An amendment of either judgment or execution, or both, can rarely be objected to as operating any injury to the defendants. They are parts of the record in which the plaintiff is alone interested; if they are irregular, rendering them regular, cannot prejudice the defendant, it may benefit him. It is every day's practice ft permit judgments and executions to be amended according to the right of the case, even after a sale under execution. If authority be rn~cessary to sustain this practice, it will be found in the case of Hancocke v. Proud, 1 Saun. 336 note 10. in Which it is said.`But if the judgment be entered de bonis propriis instead of bonis testatoris, si 8jc. it is considered as a mere clerical mistake, which the Court below will amend on motion, even after the record has been removed by error and argument in the Court of error."
See, also, Giles v. Pratt, infra.
Leave to amend ought to have been granted, and the judgment and execution should not have been set aside.
The motion to reverse the decision of the judge below is granted, and the plaintiff has leave to amend his judgment and execution in the manner pointed out in his motion in the Court below.
Johnson and Harper Js. concurred.